**GRINER et al., Appellants,**

**v.**

**MINSTER BOARD OF EDUCATION et al., Appellees.**

[Cite as *Griner v. Minster Bd. of Edn.* (1998), 128 Ohio App.3d 425.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2-97-28.

Decided June 19, 1998.

426

*Elsass, Wallace, Evans, Schnelle & Co., L.P.A., Richard H. Wallace* and *Thomas A. Ballato,* for appellants.

*Thompson, Hine & Flory, L.L.P., Michael J. Holleran* and *Amy C. Kelly,* for Blue Cross/Blue Shield Insurance Company of Ohio.

*Scott, Scriven & Wahoff* and *Julia C. Martin; Smith, Rolfes & Skavdahl Co., L.P.A.,* and *Matthew J. Smith,* for appellees Minster Board of Education and Ralph C. Voskuhl.

EVANS, Judge.

This appeal is brought by appellants, Terry and Lisa Griner, on behalf of their minor daughter, Angela Griner, from a judgment of the Court of Common Pleas of Auglaize County granting a motion for summary judgment in favor of Ralph C. Voskuhl and the Minster Board of Education, appellees.

On the morning of October 3, 1996, seven-year-old Angela Griner was riding her bicycle to school when she collided with a Minster school bus driven by Ralph Voskuhl. As a result of the accident, Angela sustained serious injuries. In January 1997, appellants filed a complaint against Voskuhl and the Minster Board of Education, which administered the school bus program. The complaint contained three allegations of negligence. First, appellants claimed that Voskuhl

had negligently operated the school bus by failing to yield the right of way, failing to control the vehicle, failing to maintain an assured clear distance, and failing to keep a reasonable speed. Second, the complaint claimed that the board had negligently operated its school bus program by failing in its administrative duties to properly design bus routes and adequately select and train drivers. Last, since Voskuhl was acting within the scope of his employment at the time of the accident, the complaint also alleged that the board was liable in tort for the negligent actions of its employee in causing a motor vehicle accident.[1]

On July 1, 1997, the board and Voskuhl jointly filed a motion for summary judgment, claiming that they qualified for immunity from tort liability pursuant to R.C. 2744.02 *et seq.* as to all claims made by appellants.[2] On July 24, 1997, appellants filed a memorandum in opposition to the motion for summary judgment, largely devoted to the argument that the board and Voskuhl had failed to satisfy their initial burden in a motion for summary judgment of informing the court of the basis of its motion and identifying facts that demonstrate that there is no genuine issue for trial. The memorandum in opposition also disputed the applicability of the immunity statutes cited by the board and Voskuhl.

On August 19, 1997, the trial court issued a judgment entry sustaining portions of the motion for summary judgment and withholding judgment on the remainder. First, the court found that because appellants did not allege that Voskuhl had acted with malicious purpose, in bad faith, or in a wanton and reckless manner, actions that would have left him vulnerable to suit, Voskuhl qualified for the immunity pursuant to R.C. 2744.03(A)(6)(b),[3] as an employee of a political subdivision acting within the scope of his employment. In regard to appellants' second claim of negligent operation and administration of the school bus program,

---

1. It is undisputed by the parties that Voskuhl was acting within the scope of his employment as the time of the accident.

2. All references made to R.C. 2744.02 *et seq.* pertain to the versions of the statutes in effect at the time the present cause of action arose. Am.Sub.S.B. No. 221, 145 Ohio Laws, Part II, 2215–2218.

3. R.C. 2744.03(A)(6) provides:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
"* * *

"(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division * * *, the employee is immune from liability unless one of the following applies:
"* * *

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."

the court found that the board was a political subdivision that qualified for tort immunity pursuant to R.C. 2744.02(A)(1).[4] Finally, on the issue of the board's liability for the negligent operation of a motor vehicle by its employee, the court withheld judgment, allowing appellants nine days to file an additional response to the motion for summary judgment as it related to the issues of negligence, proximate cause, and public streets.

Appellants filed an additional memorandum in response on August 28, 1997, arguing that while working within the scope of his employment for the board, Voskuhl negligently operated a school bus so as to strike Angela Griner and cause her injury. Appellants attached two affidavits from accident reconstructionists, who each stated that in their expert opinion, Voskuhl acted negligently and caused the accident that injured Griner. Among other things, these opinions were based on the experts' investigation of accident reports, police photographs, a view of the crash site, and deposition transcripts. Appellants attempted to file two additional witness depositions with their memorandum in response substantiating the facts used by the experts; however, because of appellants' failure to obtain the original certificates for those depositions prior to filing, the depositions were not accepted by the clerk of court. Consequently, no quality evidentiary material was submitted to support the underlying facts used by the experts when forming their opinions. When ruling on the motion for summary judgment, the trial court found the opinions rendered by the reconstructionists to be unreliable hearsay. The court concluded that since appellants had failed to establish the facts on which the experts based their opinions, they had failed to meet their burden of demonstrating a genuine issue for trial on the motor vehicle negligence claim. As a result, the trial court granted the motion for summary judgment in favor of the board on September 5, 1997.

It should be mentioned that appellants filed a motion for leave to file depositions out of time on September 2, 1997, referring to the certificate error and offering to supply the proper certificates to the court as soon as possible. The trial court denied the motion on September 5, 1997, noting that it had already given appellants two opportunities to file an adequate response to the motion for summary judgment.[5] Appellants now appeal the trial court's decision to grant

---

4. R.C. 2744.02(A)(1) states:

"[A] political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

5. This entry was filed only hours after the trial court's decision on the motion for summary judgment. Because summary judgment had already been granted, the trial court also found the motion to file depositions out of time to be moot.

summary judgment to the board and Voskuhl as well as the trial court's refusal to grant leave to file the depositions proffered by appellants out of time.

I

"The trial court erred when it ruled that the burden was on the plaintiff/appellants to set forth the evidence regarding negligence of an employee of the defendant/appellee school district and subsequently granted the motion for summary judgment of the defendant/appellees on the basis that the defendants/appellees did not meet their initial burden of showing that there was some evidence that indicated that there was no genuine issue of material fact regarding negligence."

Appellants' first assignment of error contends that the trial court erred in finding that appellees met their initial burden in a motion for summary judgment to present information showing that no genuine issue of fact exists for trial.

Our review of a motion for summary judgment is *de novo*. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271–272. Summary judgment is appropriate only if there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and, construing all evidence in favor of the nonmoving party, reasonable minds could only reach a conclusion in favor of the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. A motion for summary judgment must be denied where a genuine issue of material fact exists, where competing reasonable inferences may be drawn from undisputed underlying evidence, or where the facts present are uncertain or indefinite. *Duke v. Sanymetal Products Co., Inc.* (1972), 31 Ohio App.2d 78, 81, 60 O.O.2d 171, 172–173, 286 N.E.2d 324, 327. With this standard in mind, we find that the trial court erred in granting summary judgment on the motor vehicle negligence claim.

A review of the relevant law in this case establishes that all political subdivisions [6] in Ohio are provided general immunity from civil liability "for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). R.C. 2744.02(B)(1) provides an exception to that immunity "for injury, death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees upon the public roads * * * when the employees are engaged within the scope of their employment and authority." In addition to the

---

6. The parties have not disputed that the board qualifies as a political subdivision.

general immunity provided to political subdivisions pursuant to R.C. 2744.02(A)(1), R.C. 2744.03 bestows certain additional defenses and immunities on the political subdivision and its employees. R.C. 2744.03(A)(5) states:

"The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

The complaint filed in this case contained a claim alleging that appellees were liable for the damages caused by the negligent acts of its employee in causing a motor vehicle accident, in accordance with R.C. 2744.02(B)(1).[7] As previously noted, R.C. 2744.02(B)(1) is a statutory exception to the general immunity protection contained in R.C. 2744.02(A)(1). Although the complaint did not expressly cite R.C. 2744.02(B)(1), the trial court found that the complaint provided adequate notice to appellees of this branch of appellants's negligence claim.

When filing their motion for summary judgment, appellees denied that such a claim was raised in the complaint and maintained that "even if [R.C. 2744.02(B)(1)] were applicable, the board is entitled to statutory defenses." Appellees cited R.C. 2744.03(A)(5), the immunity defense provided to political subdivisions for discretionary acts and judgments. The thrust of appellees' argument was that any decisions regarding the board's use of resources for the school bus program, its selection and timing of bus routes, and its training of drivers fell within the discretionary powers of the political subdivision for which R.C. 2744.03(A)(5) provides immunity. Appellees did not offer any evidentiary material to otherwise support their legal argument that the board's actions were a matter of discretionary decision-making. Nor did appellees address whether the individual actions and decisions of the school bus driver while operating a school bus were matters relating to the discretion exercised by the board for which immunity would apply.

In their memorandum in opposition to summary judgment, appellants contended that the defense of immunity provided in R.C. 2744.03(A)(5) did not apply to the facts of the case. In support of this contention, appellants cited *Siders v. Reynoldsburg School Dist.* (1994), 99 Ohio App.3d 173, 650 N.E.2d 150, which is factually analogous to the instant case. In *Siders*, a bus driver struck a boy on a bicycle when attempting to pass the child on the roadway. As in this case, the

---

7. Appellants have not alleged that appellees acted "with malicious purpose, in bad faith, or in a wanton or reckless manner" in reference to this claim.

defendant school district raised the defense of immunity described in R.C. 2744.03(A)(5). The Tenth Appellate District held in *Siders* that the legislature could not have intended that "the operational act of the school bus driver in deciding whether or not to pass the bicycle rider [would] constitute discretionary acts involving policymaking or planning activities for which immunity is provided." *Id.* at 197, 650 N.E.2d at 166.

In reviewing the motion for summary judgment, the trial court recognized that appellees raised the general defense of sovereign immunity contained in R.C. 2744.02(A)(1). The court likewise found that appellants had adequately advanced an R.C. 2744.02(B)(1) motor vehicle negligence claim in their complaint. Instead of addressing the motion for summary judgment on the legal merits of whether the defense provided in R.C. 2744.03(A)(5) negated any liability under R.C. 2744.02(B)(1) as appellees claimed, the trial court instructed appellants to come forth with evidence demonstrating the issue of negligence, proximate cause, and public streets, as they related to the motor vehicle accident.[8]

■ We find this decision and the judgment ultimately rendered that granted appellees' motion for summary judgment to be in error for the following reasons. First, the trial court erred in failing to recognize the need for a resolution of the legal issue before it. The trial court was faced with a purely legal decision regarding whether R.C. 2744.03(A)(5) applied to appellees so as to shield them from liability from any claim brought under R.C. 2744.02(B)(1). The trial court had already decided that immunity applied to appellees on two of appellants' other claims, yet for whatever reason, the trial court was sidetracked from answering the legal issue on the motor vehicle negligence claim.

■ Second, instead of deciding the legal issue, the trial court inappropriately placed a burden on appellants to come forward with evidence demonstrating the existence of the motor vehicle negligence claim. Assuming, *arguendo*, that the existence or nonexistence of such a claim needed to be proven, this burden should have been placed on appellees, as the party moving for summary judgment. The party seeking summary judgment always bears the initial responsibil-

---

8. The court stated that the board's motion for summary judgment "adequately calls into question the issue of negligence, proximate causation, and public street[s]," thus meeting its initial burden of showing no genuine issue for trial, and overruled appellants' argument to the contrary. However, we find nothing in appellees' motion for summary judgment that raises a challenge to the merits of appellants' negligence claims. Rather, appellees proceeded in their motion for summary judgment on the assumption that whether or not negligence was established, they were immune from liability. Thus, the issue of negligence was not debated or "called into question" by appellees. Furthermore, the standard used by the trial court when ruling on a motion for summary judgment should not be whether the moving party has "called into question" an ultimate issue for trial but rather whether the moving party has affirmatively demonstrated the absence of a issue of fact for trial.

ity of informing the court of the basis for its motion. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274. Furthermore, that party also " ' "bears the burden of affirmatively demonstrating that, with respect to every essential issue of each count in the complaint, there is no genuine issue of fact." *Massaro [v. Vernitron Corp.* (D.Mass.1983), 559 F.Supp. 1068], at 1073 (citing *Mack v. Cape Elizabeth School Board* [C.A.1, 1977], 533 [*sic*, 553] F.2d 720, 722). The moving party bears this burden "* * * even with regard to issues on which plaintiffs * * * would have the burden of proof should the case go to trial." *Massaro, supra,* at 1073, citing *Ramsey [sic, Ramsay] v. Cooper* (C.A.1, 1977), 553 F.2d 237, 240–241, fn. 8 * * *.' " *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264, 274–275.

■ *Once this burden is met,* the responsibility shifts to the nonmoving party to produce evidence showing that there is a genuine issue for trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (limited by *Dresher,* 75 Ohio St.3d 280, 662 N.E.2d 264, finding paragraph three in *Wing* too broad in that it failed to account for the *initial burden placed upon a moving party to demonstrate the absence of genuine issues of material fact* pursuant to Civ.R. 56).

Not only did the trial court improperly burden the nonmoving parties with the responsibility of bringing forth evidence demonstrating the existence of their negligence claim, but it did so needlessly. The information the court was requesting of appellants was irrelevant to its ultimate decision. In their motion for summary judgment, appellees claimed that they were immune from liability pursuant to R.C. 2744.03(A)(5). If this proposition was correct, then as a matter of law, a demonstration by appellants of the existence of a genuine issue for trial on the claim of negligence under R.C. 2744.02(B)(1) would have been immaterial. Whether appellants could demonstrate negligence or not, they would be foreclosed from recovery because of appellees' immunity defense, just as they had been foreclosed from recovery on the other two negligence claims in their complaint. On the other hand, if appellees were incorrect in their claim that R.C. 2744.03(A)(5) applied in this case to protect them from liability for the negligent driving of their employee, then appellees would have clearly failed to met their initial burden in a motion for summary judgment of producing evidence demonstrating the absence of a genuine issue of fact for trial on the motor vehicle negligence claim. See fn. 7.

■ Based on our review of the pleadings and motions in this record, we disagree with appellees' contention that R.C. 2744.03(A)(5) applies as a defense to appellants' R.C. 2744.02(B)(1) claim of negligence, as a matter of law. Common sense dictates that while appellee board, as a political subdivision, may have exercised judgment or discretion in such things as the way it selected and trained

drivers or in the scheduling of the bus routes, the same cannot be said regarding the individual decisions made by the employee who controlled and operated a bus as it overtook a child on a bicycle. We agree with the court in *Siders, supra,* that a decision made by a bus driver regarding whether to pass a bicyclist is not the sort of discretionary act contemplated by the defense set out in R.C. 2744.03(A)(5).

Aside from this proposed defense, appellees have submitted nothing by way of their motion for summary judgment to demonstrate the absence of a genuine issue for trial on appellants' R.C. 2744.02(B)(1) claim of motor vehicle negligence. Consequently, appellees have failed to meet their initial burden in a motion for summary judgment as set out in *Celotex* and *Dresher, supra.* Appellees having failed to demonstrate an absence of genuine issues of material fact existing for trial on the motor vehicle negligence claim, their motion for summary judgment on this claim should be denied. For the foregoing reasons, we sustain appellants' first assignment of error.

## II

"The trial court abused its discretion when it refused to grant the appellants leave to file depositions of material witnesses out of time and granted appellees' motion for summary judgment without considering the depositions."

In their second assignment of error, appellants claim that the trial court abused its discretion in failing to allow appellants to supplement their memorandum in response to the motion for summary judgment with supporting depositions after the filing deadline set by the court. Given our decision sustaining appellants' first assignment of error, this assignment of error is rendered moot.

Having found error prejudicial to the appellants herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause for further proceedings.

*Judgment reversed*
*and cause remanded.*

HADLEY and THOMAS F. BRYANT, JJ., concur.