OPINION 
{¶ 1} Plaintiffs-Appellants, James and Bonnie Koehler, appeal a Hancock County Common Pleas Court decision granting, in part, Defendants-Appellees', Roy Paniagua, Jr. and Gerald Niederkohr ("Appellees"), motion for summary judgment concerning a land installment contract. Because the Koehlers elected forfeiture of the contract and restitution of the premises, their remedy is limited to that provided in R.C. 5313.10, the difference between the amount paid and the fair rental value plus an amount for deterioration or destruction occasioned by Appellees' use. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} On September 8, 2000, the Koehlers entered into a land installment contract with Appellees for real estate located in Findlay, Ohio. Pursuant to the contract terms, Appellees were required to pay a total of $255,000, payable in monthly installments of $2,060.09 through September 8, 2004, at which time all unpaid principal was due. In February 2001, Appellees defaulted on their obligation by failing to make the required installment.
 {¶ 3} On March 19, 2001, the Koehlers sent notice by certified mail that they were electing to terminate the contract because Appellees were more than thirty days delinquent on their payments. The Koehlers further declared the contract forfeited and demanded immediate surrender of possession of the property. In response to the letter, Appellees vacated the property on April 1, 2001.
 {¶ 4} On April 26, 2001, the Koehlers filed a complaint in the Hancock County Common Pleas Court seeking the full contract price from Appellees pursuant to an acceleration clause contained therein. Subsequently, both parties submitted competing motions for summary judgment, the Koehlers arguing for enforcement of the acceleration clause and Appellees claiming that the Koehlers' remedy was limited to forfeiture and restitution. The trial court determined that the acceleration clause within the contract was not enforceable because it violated the exclusive remedies provided in R.C. Chapter 5313, thus granting Appellees' motion. No appeal was taken from that decision.
 {¶ 5} On April 16, 2002, the Koehlers moved for and were granted leave to amend their complaint to comport with the trial court's previous judgment. Therein, the Koehlers claimed they were entitled to the monthly installment payments due under the contract from February 2001 through April 2002, totaling $34,393.78. Again, both parties submitted competing motions for summary judgment. Appellees argued that the Koehlers' forfeiture election limited their remedy to installment payments up to the date Appellees surrendered the property.
 {¶ 6} In an October 28, 2002 judgment entry, the trial court found, pursuant to R.C. Chapter 5313, that Appellees were not required to continue making the monthly installments after surrendering the property upon the Koehlers' demand and termination of the contract. The court further pointed out that the Koehlers failed to mitigate their damages upon Appellees' vacation of the premises. Consequently, the court awarded the Koehlers $4,120.18, representing the two months that Appellees were in possession of the premises but failed to pay, and $428.03, representing repair expenses for deterioration occasioned by Appellees' use.
 {¶ 7} From this decision, the Koehlers appeal, asserting three assignments of error for our review. For purposes of brevity and clarity, we address their first and second assignments together. This appeal arises from the grant of summary judgment, thus we will begin by setting forth our standard of review.
 Standard of Review {¶ 8} Under Ohio law, a court may not grant a motion for summary judgment unless the record demonstrates: (1) that no genuine issue of material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law; and (3) that, after considering the evidence most strongly in the nonmovant's favor, reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.[1] In ruling on a summary judgment motion, the trial court is not permitted to weigh evidence or choose among reasonable inferences; rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the nonmovant.[2] Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the adverse party.[3] Appellate review of summary judgment determinations is conducted on a de novo basis;[4] therefore, this Court considers the motion independently and without deference to the trial court's findings.[5]
 Assignment of Error I
 The trial court erred in finding that the Appellants sole remedy was the difference between the amount paid by the vendee and the fair market rental value of the property in question.
 Assignment of Error II
 The trial court erred in finding that the Appellants' compliance with O.R.C. 5313.06 limited their remedy in this matter.
 {¶ 9} Title 53, Land Installment Contracts, is "essentially a `consumer protection law'"[6] intended to prevent a "windfall to a vendor who has previously collected substantial sums under a land contract and/or has actually recovered the property."[7] Thus, upon an election of forfeiture and restitution, the statutes serve to limit a vendor's remedies.[8]
 {¶ 10} R.C. 5313.08 provides that when a vendee is in default on a land installment contract, which has been "in effect for less than five years," a vendor may elect to bring an action for forfeiture of the vendee's rights in the contract and for restitution of the property. Upon such election by a vendor, R.C. 5313.10 provides:
 The election of the vendor to terminate the land installment contract by an action under section * * * 5313.08 of the Revised Code is an exclusive remedy which bars further action on the contract unless the vendee has paid an amount less than the fair rental value plus deterioration or destruction of the property occasioned by the vendee's use. In such case the vendor may recover the difference between the amount paid by the vendee on the contract and the fair rental value of the property plus an amount for the deterioration or destruction of the property occasioned by the vendee's use.
 In order to initiate a forfeiture of the interest of a vendee in default, the vendor must comply with the notice provisions of R.C. 5313.06:
 Following expiration of the period of time provided in section 5313.05 of the Revised Code, forfeiture of the interest of a vendee in default under a land installment contract shall be initiated by the vendor * * * by serving or causing to be served on the vendee * * * a written notice which:
 (A) Reasonably identifies the contract and describes the property covered by it;
 (B) Specifies the terms and conditions of the contract which have not been complied with;
 (C) Notifies the vendee that the contract will stand forfeited unless the vendee performs the terms and conditions of the contract within ten days of the completed service of notice and notifies the vendee to leave the premises.
 {¶ 11} The record herein demonstrates that the Koehlers initiated forfeiture pursuant to R.C. 5313.06, the section that "triggers a forfeiture action under a land installment contract,"[9] when they notified Appellees of their default, stated their intention to forfeit the contract, and demanded surrender of the property. Appellees complied with the Koehlers' request and vacated the property. While the Koehlers contend that they are not bound by the remedy limitations in R.C. 5313.10
because they did not "bring an action" for forfeiture, as contemplated by R.C. 5313.08, we find that the Koehlers cannot circumvent the limitations of R.C. 5313.10 simply because Appellees acquiesced in their demand to forfeit the contract and surrender the premises. In other words, the Koehlers cannot have it both ways. They cannot demand and receive possession of the property and still force Appellees to pay for the premises according to the contract beyond the time of surrender.[10] By electing and initiating forfeiture and restitution, the Koehlers limited their remedy to that provided in R.C. 5313.10, the difference between the amount paid and the fair rental value plus an amount for deterioration or destruction occasioned by Appellees' use.
 {¶ 12} Based upon the foregoing, the trial court in this case correctly limited the Koehlers' remedy to the amount of the monthly installments, or the fair rental value, during the time Appellees were in possession of the property and had not paid. Accordingly, we overrule the Koehler's first and second assignments of error.
Assignment of Error III
 The trial court erred in finding that the Appellants were obligated to mitigate their damages in this matter.
 {¶ 13} Based upon our resolution of the Koehlers' first and second assignments of error, their third assignment of error has been rendered moot. Thus, we will forego any discussion in relation thereto.
 {¶ 14} Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT, P.J., and CUPP, J., concur.
[1] Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1985),73 Ohio St.3d 679, 686-87.
[2] Good v. Krohn (Aug. 6, 2002), Allen App. No. 1-02-18,2002-Ohio-4001, at ¶ 7, citing Jacobs v. Racevskis (1995),105 Ohio App.3d 1, 7.
[3] Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482,485.
[4] Griner v. Minster Bd. of Edn. (1998), 128 Ohio App.3d 425,430.
[5] J.A. Industries, Inc. v. All American Plastics, Inc. (1999),133 Ohio App.3d 76, 82.
[6] Albright v. Cochran (Mar. 2, 1984), Morrow App. No. CA-613.
[7] Farkas v. Bernard (May 16, 1996), Franklin App. No. 95APE10-1365 (emphasis added).
[8] See R.C. 5313.06; R.C. 5313.08; R.C. 5313.10.
[9] Tanner v. Fulk (Aug. 1, 1985), Richland App. No. CA-2297.
[10] Cf. Lotterer v. Wilson (Aug. 11, 1982), Richland App. No. CA-2054.