OPINION
{¶ 1} Defendant-Appellant, T R Properties, Inc. ("T 
R"), appeals from a Marion Municipal Court decision finding it liable to former employee, Plaintiff-Appellee, John Pfeiffer, for $2,307.20, representing earned but unused vacation time Pfeiffer accumulated prior to being terminated from employment. Because T R's arguments before this Court necessarily involve factual determinations, its failure to provide the trial court and this Court with a transcript of the proceedings before the magistrate, mandates that we must presume the regularity of the trial court's judgment based upon the magistrate's findings. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} Pfeiffer began working at T R in June 1999, as an at-will employee. Upon being hired, Pfeiffer signed an employee handbook that explained company policies, including the accrual of vacation time. Pfeiffer was subsequently terminated from employment in October 2001. At the time of his termination, Pfeiffer had accumulated 160 hours of vacation time. With regards to vacation, the employee handbook states that unused vacation time will not be paid "at the time of termination."
 {¶ 3} After not being paid for his accrued vacation time upon being terminated from employment with T R, Pfeiffer filed a complaint in the Marion Municipal Court, claiming that he was entitled to payment for the accumulated yet unused vacation time. T R moved for summary judgment, arguing that the employee handbook clearly represents that upon employment termination, unused vacation time will not be paid. The matter proceeded to a hearing before the magistrate as to the merits of Pfeiffer's claim. Upon reviewing the handbook, relevant case law regarding compensation for vacation, and the circumstances surrounding Pfeiffer's termination, the magistrate recommended that Pfeiffer should be entitled to 80 hours of vacation that he requested prior to being terminated.
 {¶ 4} T R and Pfeiffer filed objections to the magistrate's recommendation. T R argued that the decision was against the manifest weight of the evidence, and Pfeiffer maintained that the magistrate erred by limiting the amount of vacation time to 80 hours, instead of the full accrued amount of 160 hours. The trial court overruled T R's objections, finding that Pfeiffer was entitled to the unused accrued vacation time. In so holding, the trial court further sustained Pfeiffer's objection and awarded him payment of the full 160 hours of vacation.
 {¶ 5} From this decision, T R appeals, asserting two assignments of error for our review. For purposes of brevity and clarity, we elect to combine our discussion of both assignments.
Assignment of Error I
 The trial court erred to the prejudice of Appellant in failing to grant its motion for summary judgment.
 Assignment of Error II
 The trial court erred to the prejudice of Appellant in awarding Appellee unused vacation time accumulated as of the date of his separation from employment from Appellant.
 {¶ 6} Because T R's first assignment of error relates to the trial court's denial of its summary judgment motion, we will begin by setting forth our standard of review. Under Ohio law, a court may not grant a motion for summary judgment unless the record demonstrates: (1) that no genuine issue of material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law; and (3) that, after considering the evidence most strongly in the nonmovant's favor, reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.[1] In ruling on a summary judgment motion, the trial court is not permitted to weigh evidence nor choose among reasonable inferences; rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the nonmovant.[2] Appellate review of summary judgment determinations is conducted on a de novo basis;[3] therefore, this Court considers the motion independently and without deference to the trial court's findings.[4]
 {¶ 7} In both assignments of error, T R essentially argues that: 1) Pfeiffer was not entitled to be paid for unused vacation time; 2) the employee handbook created the terms and conditions of Pfeiffer's employment and prevents him from receiving vacation pay, as his employment was terminated prior to using the accrued time; and 3) based upon the findings of the magistrate, the trial court erred in awarding judgment in favor of Pfeiffer. While T R's arguments involve questions of law based upon the magistrate's findings, they are necessarily interwoven with and dependent upon questions of fact.
 {¶ 8} A review of the record reveals that no transcript or affidavit stating the facts before the magistrate was submitted to the trial court. "When a party objects to a magistrate's decision, the party must supply the trial court with a transcript of the hearing or an affidavit as to the evidence presented at the magistrate's hearing."[5]
Because T R did not do this, the trial court was required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law.[6] This Court is also limited to that review.[7]
 {¶ 9} Because T R failed to provide the trial court with a transcript of the hearing with its objections to the magistrate's decision, this Court does not know what evidence, if any, it produced to support its allegations and claims. Consequently, this Court concludes that the trial court did not err in adopting the magistrate's findings.[8] "Furthermore, without an adequate record, a court of appeals must presume [the] regularity of the [trial] court's judgment based on the [magistrate's] report[.]"[9]
As such, T R's first and second assignments of error are overruled.
 {¶ 10} Having found no evidence prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW and CUPP, JJ., concur.
[1] Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1985),73 Ohio St.3d 679, 686-87.
[2] Good v. Krohn, 151 Ohio App.3d 832, 2002-Ohio-4001, ¶ 7, citing Jacobs v. Racevskis (1995), 105 Ohio App.3d 1, 7.
[3] Griner v. Minster Bd. of Edn. (1998), 128 Ohio App.3d 425,430.
[4] J.A. Industries, Inc. v. All American Plastics, Inc. (1999),133 Ohio App.3d 76, 82.
[5] Taylor v. Dot Com Technologies, Inc., Summit App. No. 20931,2002-Ohio-3868, ¶ 5, quoting J.A. Berk Assoc. v. Levin, 9th Dist. No. 01CA007943, 2002-Ohio-3182, ¶ 7, citing Civ.R. 53(E)(3)(b).
[6] Id.
[7] Id.
[8] Boggs v. Boggs (1997), 118 Ohio App.3d 293, 301.
[9] Ferrone v. Kovack, 9th Dist. No. 3279-M, 2002-Ohio-3625, ¶ 8.