OPINION
{¶ 1} Plaintiff-Appellant, Teresa Hoepker, appeals a Union County Common Pleas Court judgment granting summary judgment, denying her uninsured/underinsured motorist ("UM/UIM") coverage under a policy issued by Defendant-Appellee, Zurich American Insurance Company ("Zurich") to Hoepker's employer, Spiegel, Inc. Because no ambiguity exists in the Zurich policy and Hoepker was not occupying a "covered auto" at the time of the accident, Hoepker is not entitled to UM/UIM coverage under the Zurich policy. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} On May 4, 2001, Hoepker was involved in a motorcycle accident. The motorcycle was driven by William Mealick and Hoepker was a passenger. Negligently losing control of the motorcycle, Mealick drove off the roadway and struck a fence. As a result of the motorcycle accident, Hoepker sustained serious injuries, incurred substantial medical expenses, as well as, lost wages and employee benefits. In April of 2002, Hoepker settled with Mealick for $50,000, the full limit of his American Family Insurance Group policy.
 {¶ 3} At the time of the accident, Hoepker was employed by Spiegel, Inc. in Columbus, Ohio, which was insured under a business auto policy issued by Zurich. Hoepker was not, however, operating a company vehicle or acting within the scope of her employment during the time of her accident.
 {¶ 4} On July 5, 2002, Hoepker filed the present action against Zurich in Delaware County. Thereafter, the Delaware County Common Pleas Court granted Zurich's motion for change of venue, and the case was transferred to Union County. In the complaint, Hoepker sought both a determination of whether coverage existed and the amount of coverage to which she was entitled for her injuries and damages.
 {¶ 5} Thereafter, Hoepker moved for summary judgment, on the sole issue of whether coverage existed. Zurich filed a brief in opposition and a cross-motion for summary judgment. On April 21, 2002, the trial court entered summary judgment in favor of Zurich, finding that the Zurich policy was unambiguous and that Hoepker was not a passenger in a covered vehicle.
 {¶ 6} Hoepker appeals the entry of summary judgment, presenting the following assignments of error for our consideration:
 Assignment of Error I
The trial court erred in granting summary judgment to Defendant/Appellee Zurich because Defendant/Appellee's general UM/UIM policy, not the Ohio-specific policy governs this case and provides UM/UIM coverage to Plaintiff/Appellant.
 Assignment of Error II
The trial court erred in granting summary judgment to Defendant/Appellee Zurich because, even if the Ohio-specific UM/UIM policy applies, Plaintiff/Appellant was an "insured" entitled to UM/UIM coverage, regardless of the auto involved.
 Assignment of Error III
The trial court erred in granting summary judgment to Defendant/Appellee Zurich because the "Broadened Coverage Endorsement" is irrelevant to the two-step Scott-Pontzer analysis.
 Summary Judgment Standard {¶ 7} It is well-established under Ohio law that a court may not grant a motion for summary judgment unless the record demonstrates: (1) that no genuine issue of material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law; and (3) that, after construing the evidence most strongly in the nonmovant's favor, reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.[1] In ruling on a summary judgment motion, the trial court is not permitted to weigh evidence or choose among reasonable inferences; rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the nonmovant.[2] Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the adverse party.[3] Appellate review of summary judgment determinations is conducted on a de novo basis;[4] therefore, this Court considers the motion independently and without deference to the trial court's findings.[5]
 Applicability of Ohio-specific endorsement language {¶ 8} Turning to the Zurich coverage terms herein, we further note that it is well settled that an insurance policy is a contract and the relationship between the insured and the insurer is purely contractual in nature.[6] Insurance coverage is determined by reasonably construing the contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed."[7] "Where provisions of a contract of insurance are reasonably susceptible to more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured."[8] However, where the intent of the parties to a contract is evident from the clear and unambiguous language used, a court must not read into the contract a meaning not contemplated or placed there by an act of the parties to the contract.[9] The statutory law in effect on the date the policy was issued is the law to be applied.[10]
 {¶ 9} The Zurich policy contains a general UM/UIM provision and an Ohio-specific UM/UIM provision. Within the first assignment of error, Hoepker argues that the trial court erred in granting summary judgment to Zurich because the general UM/UIM policy as opposed to the Ohio-specific policy governs this case. We disagree.
 {¶ 10} The Zurich policy general UM/UIM provision defines an insured as follows:
B. Who Is An Insured
1. You
2. If you are an individual, any "family member".
3. Anyone else "occupying" a covered "auto" or a temporary substitutefor a covered "auto". The covered "auto" must be out of service becauseof its breakdown, repair, servicing, loss or destruction.
4. anyone for damages he or she is entitled to recover becauseof "bodily injury" sustained by another "insured".
The Ohio-specific UM/UIM provision defines the insured with much greater specificity. The general UM/UIM provision definition in the Zurich policy is identical to the definition of who was an insured inScott-Pontzer v. Liberty Mutual Fire Insurance Company,[11] where the Ohio Supreme Court found the term "you" to be ambiguous because "you" referred solely to a corporate entity as the named declarant. Finding "[i]t would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle," the Court held that the plaintiff's husband was an insured under his employer's policy.[12]
 {¶ 11} Looking at the Zurich policy, it is clear that the Ohio-specific UM/UIM provision controls. It is a fundamental principal of contract construction that a document be read as a whole in order to identify the intent of the parties.[13] Additionally, a specific provision controls over a general one.[14] The Zurich policy includes a general UM/UIM provision, along with twenty-two other state specific UM/UIM provisions, including an Ohio-specific UM/UIM provision. While the general UM/UIM provision makes no reference to each of the state specific UM/UIM provisions, it is clear that the numerous state specific UM/UIM provisions are meant to control. First, each of the state specific UM/UIM provisions would be superfluous if the general endorsement controlled. Second, the Ohio-specific UM/UIM provision includes, in bold capital letters across the top of the page, the following: "THIS ENDORSEMENTCHANGES THE POLICY. PLEASE READ IT CAREFULLY," showing the Ohio-specific UM/UIM provision changed the general UM/UIM provision. And, finally, the Ohio UM/UIM provision speaks specifically to Ohio insurers, whereas the general UM/UIM provision speaks only generally to the policy holder. Accordingly, the Ohio-specific UM/UIM provision controls over the general UM/UIM provision.
 Whether Appellant is an "insured" under Ohio-specific endorsement {¶ 12} In her second assignment of error, Hoepker asserts that even if the Ohio-specific UM/UIM provision controls she nonetheless qualifies as an insured.
 {¶ 13} It is a fundamental principle in insurance law that coverage under an insurance contract extends only to "insureds" under the policy.[15] Therefore, our first inquiry is whether Hoepker qualifies as an "insured" under the Ohio-specific UM/UIM provision. The Ohio-specific endorsement of Zurich's policy defines an insured as follows:
B. Who Is An Insured
If the Named Insured is designated in the Declaration as:
1. An individual, then the following are "insured':
* * *
1. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing. "loss" or destruction.
b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another insured.
 {¶ 1} The "Named Insured" as designated in the declaration includes Spiegel, Inc., along with several other companies and corporations that are not at issue in this case. Accordingly, the definition of an insured contained in paragraph B.2. applies. That policy language is quite different from the policy language in Scott-Pontzer. As previously mentioned, the Ohio Supreme Court found the policy language inScott-Pontzer to be ambiguous because the insured was defined by the term "you" and "you" referred solely to the corporate entity.[16] UnlikeScott-Pontzer, where the insured policy listed only the corporation as the named insured, this policy specifically identifies who is an insured when the named insured is identified as a corporation. This court, along with several other districts, has found the above definition of the insured is unambiguous.[17] Thus, we must determine whether Hoepker is an insured under the terms of the policy.
 {¶ 2} Under the policy, Hoepker is an insured if she was "`occupying' a covered `auto'" or was entitled to recover damages for bodily injury sustained by another insured. Since Hoepker's injuries were not sustained by another insured, she is only an insured if she was "`occupying' a covered `auto.'"
 {¶ 3} The Schedule of Covered Autos in the policy provides that the only covered autos for UM/UIM are designated by a symbol 2. Symbol 2 autos are "Owned `Autos' Only." The definition further provides that: "Only those "autos" you own * * *. This includes those "autos" you acquire ownership of after the policy begins." The Zurich policy also provides that "[t]hroughout this policy the words `you' and `your' refer to the Named Insured shown in the Declarations." As previously noted, the Named Insured is Spiegel, Inc. By the plain language of the policy, the only covered autos for UM/UIM coverage are those which are owned by Spiegel, Inc.
 {¶ 4} It is undisputed that Hoepker was a passenger on a motorcycle owned by Mealick. Mealick's motorcycle was not owned by Spiegel, Inc., nor any of the other "Named Insureds." Hoepker's injuries did not occur while she was occupying a covered auto. Accordingly, the Zurich policy does not provide UM/UIM coverage to Hoepker, as she does not qualify as an insured under the policy.
 {¶ 5} Having found Hoepker was not an insured under the Ohio-specific UM/UIM provision, we affirm the trial court's finding that Hoepker was not entitled to coverage under the Zurich policy. Nevertheless, we will address Hoepker's third assignment of error.
 Effect of Broadened Coverage provision {¶ 6} Hoepker's final assignment of error rests upon the assumption that the general UM/UIM provision applies. Assuming the general UM/UIM provision applies, Hoepker asserts that the "Broadened Coverage" form fails to clarify the ambiguity of who is insured under the Zurich policy.
 {¶ 7} This court has addressed the issue of "Broadened Coverage" in Rice v. Buckeye State Mut. Ins. Co.[18] In Rice the policy language in question suffered from the same ambiguities as the Scott-Pontzer
policy language.[19] However, the Rice policy also included a "Drive Other Car Coverage — Broadened Coverage for Named Individuals endorsement," which stated:
The following is added to Who is Insured: Any individual named in theSchedule and his or her `family members' are insured while occupying orwhile a pedestrian when being struck by an `auto' you don't own except:Any `auto' owned by that individual or by any `family member.'[20]
Finding that the "Broadened Coverage" provision added another definition of who is an insured, we held in Rice that the intent of the parties to extend UM/UIM coverage only to those identified individuals clarified any ambiguities.[21]
 {¶ 8} Here, the Zurich policy also contains a "Drive Other Car Coverage — Broadened Coverage For Named Individuals" provision. The portion of that provision applicable to UM/UIM coverage defines the named insured as follows: "ALL EMPLOYEES WHO ARE PROVIDED WITH A COMPANY AUTO." While the "Broadened Coverage" language in the Zurich policy is not precisely the same language as found in the Rice "Broadened Coverage" provision, it nonetheless clarifies any ambiguity created by the general UM/UIM policy. As in the Rice case, the "Broadened Coverage" provision adds another definition to who is insured, thereby identifying the intent of the parties to extend UM/UIM coverage to only those employees who are provided with company cars. Accordingly, Hoepker's final assignment of error is overruled.
 {¶ 9} Having found no error prejudicial to the appellant herein, the judgment of the Union County Common Pleas Court is hereby affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.
[1] Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 686-687, 653 N.E.2d 1196.
[2] Jacobs v. Racevskis (1995), 105 Ohio App.3d 1, 7,663 N.E.2d 653.
[3] Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482,485, 696 N.E.2d 1044.
[4] Griner v. Minster Bd. of Edn. (1998), 128 Ohio App.3d 425,430, 715 N.E.2d 226.
[5] J.A. Industries, Inc. v. All American Plastics, Inc. (1999),133 Ohio App.3d 76, 82, 726 N.E.2d 1066.
[6] Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107, 109,472 N.E.2d 1061.
[7] King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211,519 N.E.2d 1380.
[8] Id. at paragraph one of the syllabus (citations omitted).
[9] Gomolka v. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166,168, 436 N.E.2d 1347.
[10] Ross v. Farmer Ins. Group (1998), 82 Ohio St.3d 281, 287,695 N.E.2d 732.
[11] Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 664, 710 N.E.2d 1116.
[12] Id.
[13] Monsler v. Cincinnati Gas Co. (1991), 74 Ohio App.3d 321,330, 598 N.E.2d 1203.
[14] Id.
[15] Scott-Pontzer, 85 Ohio St.3d at 663.
[16] Id. at 664.
[17] Frisch v. CAN Commercial Ins., 3rd Dist. No. 13-02-26, 13-02-40 at *12, 2003-Ohio-1574, discretionary appeal allowed 99 Ohio St.3d 1511,2003-Ohio-3957; also, see, Lumbermens Mut. Cas. Co. v. Xayphonh, 9th Dist. No. 21217, 2003-Ohio-1482 ¶¶ 19-20; Governale v. Spreacher,
12th Dist. No. CA2002-10-112, 2003-Ohio-2376 ¶¶ 8-31; Alexander v.Seward, 4th Dist. No. 02CA2658, 2002-Ohio-6348 ¶¶ 19-20; Egelton v.United States Fire Ins. Co., 5th Dist. No. 2002CA00157, 2002-Ohio-6176
¶¶ 27-31.
[18] Rice v. Buckeye State Mut. Ins. Co., 3rd Dist. No. 8-02-24,2003-Ohio-390, discretionary appeal allowed 99 Ohio St.3d 1409,2003-Ohio-2454.
[19] Id. at ¶ 16.
[20] Id. at ¶ 17.
[21] Id. at ¶ 19.