JACOBS, Appellant, et al.,

v.

RACEVSKIS, Appellee, et al.

[Cite as *Jacobs v. Racevskis* (1995), 105 Ohio App.3d 1.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 94–CA–0066.

Decided June 14, 1995.

2

*James R. Jacobs, pro se.*

*William D. West,* for appellee.

GRADY, Judge.

Plaintiff James Jacobs appeals from a summary judgment dismissing his claims for breach of contract and fraud; the claims arose out of Jacobs's purchase of a parcel of residential real property from defendant Karlis Racevskis.

On August 18, 1989, Jacobs signed a real estate sales agreement for the purchase of Racevskis's home, which is located at 3057 Woods Drive, in Springfield. Jacobs was subsequently provided with inspection reports concerning the roof, termites, septic system, and the well. Jacobs reviewed the reports on the roof and termites prior to closing. The evidence is unclear whether Jacobs received the reports on the septic system and the well before or after the closing. Jacobs and Racevskis did not speak before they met at the closing.

The inspection report for the roof indicated that it was ten to twelve years old and in good condition. The termite report indicated that termites had been found and that the home had been treated. The inspection report on the well indicated that it did not meet building code requirements. As for the septic system, the inspection report recommended annual cleaning because it is a small system.

Closing was held on October 17, 1989. Jacobs was aware at that time that the home had been treated for termites, but he declined the option of purchasing a follow-up treatment plan.

Within a few weeks after the closing, Jacobs began to experience numerous problems with this home, including a leaking roof that resulted in water damage to the ceiling in the dining room, a water leak in the basement, a backed-up septic

system, problems with the well, electrical problems, rodent infestation, and termite damage. Jacobs contacted Racevskis concerning these problems, but he obtained no satisfaction.

On September 11, 1992, Jacobs and Ann M. Jacobs filed a complaint alleging that Racevskis had breached the contract of sale and had fraudulently concealed defects in the home and misrepresented the home's condition. Racevskis responded by filing an answer and third-party complaints against the real estate brokers involved in the sale and persons who had performed the various inspections. Thereafter, motions for summary judgment were filed by Racevskis and the third-party defendants.

After considering the depositions, affidavits, memoranda filed by the parties and the arguments of counsel, on July 27, 1994, the trial court granted summary judgment in favor of each of the defendants and dismissed the complaint. The trial court found, as a fact, that Racevskis made no representations or statements to Jacobs concerning this house. The court further found that the real estate sales agreement that Jacobs had signed included a provision which indicated that Jacobs was purchasing this home in its present physical condition, "as is." Accordingly, the trial court held:

"In Ohio the doctrine of *caveat emptor* applies to real estate transactions. The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for structural defects in the real estate when (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. Such is the present case.

"Therefore, the court finds, as a matter of law, based on the undisputed facts and the doctrine of *caveat emptor*, defendants' motions for summary judgment should be SUSTAINED. This case is hereby DISMISSED at plaintiffs' cost."

James Jacobs has timely appealed to this court from the summary judgment in favor of Karlis Racevskis. Jacobs argues that genuine issues of material fact remain for determination regarding whether Racevskis fraudulently concealed latent defects in the house and, therefore, that summary judgment was improper. We agree, and accordingly reverse the trial court's order.

With respect to real estate sales transactions, a seller may be liable to the buyer for nondisclosure of a latent defect where the seller is under a duty to disclose facts and fails to do so. *Brewer v. Brothers* (1992), 82 Ohio App.3d 148, 151, 611 N.E.2d 492, 493–494. An "as is" clause in a real estate sales contract relieves the seller of any duty to disclose and places the risk upon the buyer as to the discovery of existing defects. *Brewer, supra; Kaye v. Buehrle* (1983), 8 Ohio App.3d 381, 382–383, 8 OBR 495, 496–497, 457 N.E.2d 373, 375–376. A purchas-

er's claim of nondisclosure will not overcome an "as is" clause. However, an "as is" clause does not bar a claim by the purchaser for positive fraud, that is, a fraud of commission rather than omission, such as fraudulent misrepresentation or fraudulent concealment. *Brewer, supra; Kaye, supra.*

■ The doctrine of *caveat emptor* applies to real estate transactions. In *Layman v. Binns* (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, syllabus, the Ohio Supreme Court stated:

"The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. * * * "

*Caveat emptor* will not bar recovery by a purchaser when latent defects not easily discoverable are coupled with affirmative misrepresentations or concealment. *Kaye, supra; Szeman v. Williams* (Mar. 30, 1992), Greene App. No. 90–CA–129, unreported, 1992 WL 66362; *Said v. Steger* (June 17, 1991), Clermont App. No. CA90–10–107, unreported, 1991 WL 106025.

Civ.R. 56(C) provides in relevant part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

■ The burden of showing that no genuine issue exists as to any material fact falls upon the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47–48. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First Natl. Bank & Trust Co. of Ravenna* (1970), 21 Ohio St.2d 25, 28, 50 O.O.2d 47, 48–49, 254 N.E.2d 683, 685–686. Before summary judgment may be granted the court must find that (1) no genuine issue as to any material fact remains to be

litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and that favors the movant. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. In reviewing a summary judgment an appellate court must view the facts in a light most favorable to the party opposing the motion. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 327, 587 N.E.2d 825, 827.

In this case we are not concerned with fraudulent nondisclosure because the "as is" clause in the purchase agreement relieved the seller, Racevskis, of any duty to disclose known defects. *Kaye v. Buehrle, supra.* We are also not concerned with fraudulent misrepresentation as the trial court found that Racevskis made no representations or statements of any kind to Jacobs concerning the house. The sole question before us, therefore, concerns fraudulent concealment and, in the context of summary judgment, whether, on this record, construing the evidence presented in a light most favorable to Jacobs, there exists a genuine issue of material fact regarding whether Racevskis fraudulently concealed any latent defects in the house from Jacobs. If so, the doctrine of *caveat emptor* does not preclude recovery by Jacobs and the summary judgment for Racevskis was improper.

In *Szeman v. Williams, supra,* this court, citing *Crum v. McCoy* (1974), 41 Ohio Misc. 34, 39, 70 O.O.2d 76, 79, 322 N.E.2d 161, 165, identified the elements of a fraudulent concealment claim as follows:

"(1) an actual concealment

"(2) of a material fact

"(3) with knowledge of the fact concealed

"(4) with intent to mislead another into relying upon such conduct

"(5) followed by actual reliance thereon by such other person having the right to so rely

"(6) with injury resulting to such person because of such reliance."

The evidence presented in this case, when viewed in a light most favorable to Jacobs, demonstrates that during the time Racevskis lived in this home he experienced leaks in the roof, including leaks in the basement walls, problems with the well, and problems with the septic system. At the time of sale, Racevskis did not reveal to Jacobs or any of the real estate agents the problems he had experienced with the house. According to Racevskis, he had remedied the defects by taking various corrective actions. These actions included repairing the floor underneath a toilet tank which had been damaged by condensation, digging up and relocating drainage pipes in order to stop water leaking through the

basement walls, using various adhesives on the roof, putting sheets of plastic up in the attic, and repainting ceiling tiles in order to stop water leaks in the roof and remedy the resulting water damage, pulling and replacing the motor, filter and pipes in the well, digging up the septic system, and replacing the gravel in the leach bed.

The actions taken by Racevskis to correct the defects in this house had the effect of concealing or disguising some of the problems Jacobs later experienced. For example, Jacobs claims that by painting the ceiling tiles Racevskis prevented him from discovering water stains on the ceiling, which could evidence a roof leak. Other evidence also indicates that some of the problems Jacobs has experienced with the basement and septic system were not open to observation or discernible upon reasonable inspection.

Racevskis claims that the various actions he took to correct defects in this home were taken solely for the purpose of repairing and remedying those existing problems, not for the purpose of misleading or deceiving anyone, one of the necessary elements of a fraudulent concealment claim. Jacobs claims, on the other hand, that Racevskis's actions, such as painting the ceiling tiles and repairing the floor, were motivated by a purpose to conceal existing defects in this home from any potential buyer. Thus, the pivotal question here is one of Racevskis's purpose or intent, a material issue of fact.

The evidence adduced both for and against the motions for summary judgment presented the trial court with two competing reasonable inferences as to Racevskis's intent. The trial court, in granting summary judgment to Racevskis, necessarily resolved this conflict by weighing the evidence and choosing the inferences that favored Racevskis, the seller and moving party. This was improper. In ruling on a motion for summary judgment the trial court is not permitted to weigh the evidence or choose among reasonable inferences. *Dupler v. Mansfield Journal Co., Inc.* (1980), 64 Ohio St.2d 116, 121, 18 O.O.3d 354, 357–358, 413 N.E.2d 1187, 1191–1192. Rather, the court must evaluate the evidence, taking all permissible inferences and resolving questions of credibility in favor of the nonmoving party. *Dupler, supra.*

When the evidence presented in this case is viewed in a light most favorable to Jacobs, the buyer and nonmoving party, reasonable minds could come to differing conclusions regarding whether certain repairs by Racevskis, the moving party, were undertaken for the purpose of correcting existing defects in the house or for the purpose of concealing those existing defects from potential buyers. Accordingly, genuine issues of material fact exist, and the trial court's award of summary judgment was improper.

Jacobs's assignments of error are sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

BROGAN, P.J., and WOLFF, J., concur.