The majority opinion correctly sets forth that neither party has presented a transcript of proceedings for our court to consider the assignments of error.
However, the record before us does contain the original contract and a document marked defendant's Exhibit "F", entitled Addendum to Agreement to Sell Real Estate, which contains the following statement, "Mr. Benis' agent said he agrees to accept the property `as is'." This addendum has been signed by the seller, Helene Berk, and by the buyer, Chuck Benis. Immediately above his signature is the statement, "I have read understand and concur with this addendum."
Thus, the only evidence contained in the record before us reveals the parties entered into an "as is" contract.
The review of the municipal court judgment cannot be carried out because no proper review of either the judgment of the court or the basis for the magistrate's findings can be conducted without an examination of the transcript and a review of the exhibits.
On the strength of the record provided to us, it is obvious the magistrate ignored the "as is clause in the addendum to the contract.
In Jacobs v. Racevskis (1995), 105 Ohio App.3d 1, the court confronted an "as is" clause in the contract for sale of residential property and stated:
 In Ohio the doctrine of caveat emptor applies to real estate transactions. The doctrine of caveat emptor precludes recovery in an action by the purchaser for structural defects in the real estate when (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.
Thus, a seller may become liable for concealment of latent defects even with an "as is" clause in a contract. Absent a transcript, we are unable to resolve whether the carpet and toilet stains complained of in this case are latent defects, whether the purchasers had an opportunity to examine the premises, or whether fraud had been proven at trial. Accordingly, I concur in the judgment.