JOURNAL ENTRY AND OPINION
Defendants-appellants Lisa Long and Kevin Hughley appeal pro se from an order of the Small Claims Division of the Parma Municipal Court awarding plaintiff-appellee Leslie Noah $1,650 on her claim of fraud in connection with the purchase of a used automobile.
Noah commenced this fraud action in the small claims court by filing a sworn complaint with several exhibits. The clerk of court served a summons and complaint on Long and Hughley by certified mail. The matter was ultimately heard by a magistrate. It is not clear from the record whether Long and Hughley by themselves, or with an additional third party, carried out the scheme. Long denied everything at trial. Hughley did not answer, appear at trial, or otherwise participate in this action until this appeal. The identity of the mysterious third person, if such person existed and was independent of Hughley, is unknown.
Charles Cole, a prior record owner of the 1991 Dodge Monaco, testified that for $500 in cash he sold the vehicle on November 26, 1998 to someone who claimed he was William Petrie.[1] The car did not run properly and didn't sound like it was hitting on all six cylinders. Cole specifically informed the buyer of the poor condition of the car, but the buyer stated he could fix it. Cole gave the certificate of title to the purchaser, but the certificate of title was not completed or subsequently recorded.
Approximately one month later, Long advertised the car for sale at a price of $2,100. She listed her fiance Hughley's cellular telephone number as the point of contact. When Noah called about the vehicle, Hughley referred her to Long. Noah and her father went to an apartment where Long was located to see the vehicle.
Noah testified that Long repeated the claim from her advertisement that the car was in excellent condition. Long also falsely maintained that title to the car was not in her name because she was selling the car for her grandfather Charles Cole. Cole, however, was not her grandfather and had, in fact, never met her. According to her own testimony at trial, Long was selling the car for Hughley. At the time of the transaction no one mentioned an intermediate purchaser by the name of William Petrie. Title to the vehicle was never registered in such a name.
The parties negotiated a price of $1,650 for the car, which had been purchased for $500 from Cole only one month earlier. The transmission failed two or three days after the sale. Noah subsequently spent more than three thousand dollars on repairs for the vehicle. She tried to contact Long at the false telephone number Long wrote on the receipt as well as at Hughley's cellular phone number in the newspaper advertisement.[2] Long refused to return her calls.
At trial, Long stated Kevin [Hughley] bought that car. She also stated as of Kevin [Hughley] using William as a name, I don't know. She maintained that Hughley made repairs to the vehicle before selling it to Noah. Long stated she incurred unspecified expenses to fix the car but did not produce any receipts or describe the repairs. Long asserted that she did not give a warranty for the car.
The magistrate recommended judgment in favor of Noah and filed a report with proposed findings and conclusions. The magistrate acknowledged the doctrine of caveat emptor and that Noah could have done more to discover the condition of the car, but concluded [h]owever, in this case, the Court believes that this is a bold-faced case of fraud. The magistrate noted that this Court has had prior experience with these Defendants under very similar circumstances.[3] The magistrate also found that Defendants not only hid a known defect, but they purposely mislead [sic] the Plaintiff regarding the discrepancy in the vehicle title. The magistrate recommended judgment for Noah in the amount of the $1,650 purchase price for the vehicle.
Long filed objections to the magistrate's report, but Hughley did not.[4] She argued she did not commit fraud and stated she sold the vehicle to Noah as is without any warranty. She stated she had no knowledge of anything wrong with the car prior to the sale. She also maintained that she never told Noah she was selling the car for her grandfather. She maintained for the first time after the trial that she(rather than Hughley) purchased the car from the mysterious William P., but had simply not transferred the title into her own name. She also purported to argue that no judgment should have been entered against Hughley because he had nothing to do with the transaction other than receiving the buyer's initial telephone inquiry.
The trial judge thereafter reviewed Long's objections, the magistrate's report, and the transcript of the trial filed by Long. The trial court found clear and convincing evidence to support the finding of fraud. The court specifically found that Long knowingly made misrepresentations to Noah with the intent to deceive her into buying the car. The court also found that Hughley did not appear or defend the action and that a default judgment was warranted against him.
Long and Hughley appeal pro se and purportedly raise, but do not separately argue, two assignments of error.[5] Although this court has repeatedly directed them to file briefs conforming with the appellate rules, we will address their non-conforming brief to decide their appeal on the merits. Noah has not filed an appellee's brief.
Long and Hughley argue in their first assignment of error[6] that Noah's recovery is barred by the doctrine of caveat emptor. Contrary to their argument, however, the doctrine of caveat emptor has never shielded deliberate fraud. See Layman v. Binns (1988), 35 Ohio St.3d 176, syllabus. It does not bar recovery by a purchaser when latent defects not easily discoverable are coupled with affirmative misrepresentations as the trial court found in the case at bar. See e.g., Jacobs v. Racevskis (1995), 105 Ohio App.3d 1, 5.
Their second assignment of error makes similar arguments, noting that the buyer could have had a mechanic inspect the vehicle and that they made no warranties.[7] The trial court found defendants not only knew of the poor, latent condition of the vehicle, however, but affirmatively misrepresented it to deceive Noah from undertaking further inspection. Noah testified Long told her the vehicle had just been overhauled and just got a special tune up. Large amounts of snow, moreover, prevented driving the vehicle to a mechanic for inspection. Under the circumstances, the trial court could properly find that Long committed fraud and that Noah did not violate any duty to have the vehicle inspected.
Finally, the absence of a warranty does not preclude a claim for fraud. Recovery under warranty is governed by contract principles, whereas recovery for fraud is based on tort principles. See Trgo v. Chrysler Corp. (N.D.Ohio. 1998), 34 F. Supp.2d 581, 597 (discussing and distinguishing fraud and warranty claims against a vehicle manufacturer.) Neither the existence of, nor the recovery for, fraud is dependent upon the existence of an explicit contractual warranty of quality.
The record in this case is replete with evidence which supports an inference of fraud. Under the circumstances, after reviewing the record, we find that the trial court's judgment is supported by competent credible evidence going to all the essential elements of fraud and is not against the manifest weight of the evidence. Sellers v. Morrow Auto Sales (1997), 124 Ohio App.3d 543, 546.
Long and Hughley's brief on appeal also complains that Hughley did not appear at trial, but does not purport to raise an assignment of error relating to this fact. Errors not separately assigned or argued may be disregarded. App.R. 12(A)(2). Their brief contends that Hughley was under state custody for a different matter and was unable to appear for trial, so the trial court improperly entered judgment against him. There is nothing in the record to support this claim and we cannot decide this appeal on information presented for the first time in a brief on appeal. E.g., State v. Ishmail (1978), 54 Ohio St.2d 402, syllabus paragraph one.
Moreover, the claim that Hughley did not have notice of the scheduled trial date is belied by the record. The Small Claims Notice and Summons served by certified mail to Hughley by the municipal court specifically states as follows:
 The court will hold trial on this claim the Small Claims division, located at 5750 West 54th Street, Parma, Ohio 44129 04/21/99 at 01:30pm in room.
 IF YOU DO NOT APPEAR AT THE TRIAL, JUDGMENT MAY BE ENTERED AGAINST YOU BY DEFAULT * * *.
The certified mail to Hughley was signed for by Long at the residence she shared with Hughley.[8] If he did not receive actual notice of Noah's claim against him, the failure was due to Long's conduct and not the municipal court. Hughley never requested a continuance to enable him to participate and the matter proceeded to trial as scheduled in his absence.
Hughley seeks to challenge the judgment against him by arguing that he did not personally commit fraud and by minimizing his involvement in the transaction. However, as noted by the trial court, judgment could properly be entered against him because of his default in failing to appear or defend the claims against him. Moreover, there is some evidence in the record that he personally committed fraud because Noah's father stated first the kid told me it was his car.
Finally, even if he personally made no false statement as he now contends, he can still be held liable because he and Long acted together to complete the sale. See Feliciano v. Moore (1979), 64 Ohio App.2d 236,240. At a minimum, Hughley appointed Long as his agent to sell his car and she as his agent committed fraud to complete the sale. Under agency principles each party was responsible for the acts of the other in furtherance of the transaction. In fact, using an innocent appearing young woman to sell the car (and testify at trial) could be construed to be further evidence of the scheme.
Accordingly, Long and Hughley's two assignments of error are overruled.
It is ordered that appellee recover of appellants her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] He stated that the man who identified himself as William Petrie and purchased the car was in his fifties. Long testified that her fiance Hughley purchased the car, but stated that he was not fifty years of age.
[2] Noah did not retain the advertisement. She contacted the newspaper, obtained the telephone number, and learned that neither Long nor Hughley paid for the advertisement.
[3] Defendants never challenged this later statement. However, it is not necessary to resolution of this case.
[4] Long is not a licensed attorney and is permitted to represent herself, but is not permitted to represent Hughley. R.C. 4705.01.
[5] Long and Hughley have each signed the notice of appeal and the appellate brief.
[6] Their first assignment of error provides in its entirety as follows:
 AS THE PLAINTIFF FAILED TO SEE THE CAR WAS SOLD AS IS, LIKE ANY USED CARE SALE. [sic] IS CLEARLY, CAVEAT EMPTOR[.]
[7] Their second assignment of error is approximately one page long and is set forth in the Appendix.
[8] Long also signed for the separate small claims notice and summons sent by certified mail to her.
 Appendix
Their second assignment of error provides in its entirety as follows:
 THE PLAINTIFF LESLIE NOAH WAS TOLD BY DEFENDANT LISA LONG TO TAKE THE CAR TO A MECHAIC TO GET INSPECTED BUT SHE REFUSE I LISA LONG FEEL THAT IT IS NOT MY FAULT THAT THE TRANSMISSION WENT OUT ON THE CAR THERE WAS NO WAY I COULD OF KNEW THAT. THIS IS WHY I OFFERED THE PLAINTIFF TO HAVE THE CAR CHECKED OUT, THE GENERAL RULE IN ANY PRIVATE USED CAR SALE IS CLEARLY CAVEAT EMPTOR ___ LET THE BUYER BEWARE. IN THIS CASE, PLAINTIFF FOOLISHLY DID ALMOST NOTHING TO TEST OR INSPECT THE CAR'S RELIABILITY OR WORTHINESS. SO SHE SHOULD NOT OF BEEN HEARD TO COMPLAIN. IT IS NOT THE DEFENDANTS FAULT SHE DID NOT HAVE THE CAR CHECKED OUT, WE DID NOT KNOW THE TRANSMISSION WAS BAD TO THE BEST OF OUR KNOWLEDGE THE CAR WAS IN EXCELLENT CONDITION. THE PLAINTIFF KNEW THE CAR WAS SOLD AS IS, AND CAME WITH NO WARRANTY. [SIC]