[Cite as *Shelby Ct. Bd. of Commrs. v. Kimpel*, 2014-Ohio-3191.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

THE SHELBY COUNTY BOARD
OF COMMISSIONERS,

      PLAINTIFF-APPELLANT,             CASE NO.  17-13-20

      v.

DEAN KIMPEL,                        O P I N I O N

      DEFENDANT-APPELLEE.

Appeal from Shelby County Common Pleas Court
Trial Court No. 12CV000400

**Judgment Affirmed**

**Date of Decision:   July 21, 2014**

APPEARANCES:

    *William D. Maynard and Judith B. Goldstein* **for Appellant**

    *Michael A. Rumer and Andrea M. Brown*  **for Appellee**

Case No. 17-13-20

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant the Shelby County Board of Commissioners ("the Board") brings this appeal from the judgment of the Court of Common Pleas of Shelby County granting summary judgment to defendant-appellee Dean Kimpel ("Kimpel"). For the reasons set forth below, the judgment is affirmed.

{¶2} The following background was provided by the parties in their briefs and agreed upon by the parties as the underlying facts of this case. On August 21, 2011, Kimpel was indicted by the Auglaize County Grand Jury on one count of sexual battery, a felony of the third degree in violation of R.C. 2907.03(A)(2). Kimpel at that time was the elected Sheriff of Shelby County. On September 22, 2011, the prosecuting attorney gave notice pursuant to R.C. 3.16(B)(1) to the Chief Justice of the Ohio Supreme Court that Kimpel had been charged with a felony. The prosecuting attorney requested that the Chief Justice appoint a commission to investigate and to impose a suspension on Kimpel. This filing was based solely upon the charge pending in Auglaize County.

{¶3} On September 29, 2011, Kimpel was indicted by the Shelby County Grand Jury on five counts of unauthorized use of the Ohio Law Enforcement Gateway in violation of R.C. 2913.04(D), all fifth degree felonies. No notice of these charges was provided to the Supreme Court at this time. On October 6, 2011, Kimpel and the prosecuting attorney entered an agreed entry provisionally

suspending Kimpel from his duties as Sheriff during the pendency of the Auglaize County case. The entry was signed by the trial judge in Auglaize County.

{¶4} On October 19, 2011, the special commission, established pursuant to R.C. 3.16(C)(2), entered a notice of preliminary determination finding the Auglaize County indictment to be sufficient cause to support Kimpel's suspension. No appeal of the determination was made. On November 14, 2011, the Special Commission issued its notice of final determination. This notice, which was not appealed, imposed a suspension, which was effective from the date of the agreed provisional suspension.

{¶5} On April 13, 2012, Kimpel entered a plea of guilty to one amended count of the Shelby County indictment. The plea was to one count of Unauthorized Use of a Computer in violation of R.C. 2913.04(B), a felony of the fifth degree. The remaining counts of the Shelby County indictment were dismissed. Kimpel then appeared in the Auglaize County Court of Common Pleas where it was agreed that the prosecutor would enter a nolle prosequi with prejudice. However, the decision was made to delay this action until after Kimpel was sentenced in Shelby County so that his suspension would not be terminated prior thereto. Subsequently, Kimpel appeared in the Shelby County Court of Common Pleas and was sentenced. Kimpel also tendered his resignation as Sheriff of Shelby County at that time. Kimpel then returned to Auglaize County

where the motion to nolle prosequi with prejudice was granted. On August 21, 2012, the prosecuting attorney filed with the Ohio Supreme Court a suggestion of disposition informing the Court of the disposition of the Auglaize County case as well as that of the Shelby County case. This was the first time the Shelby County case had been officially brought to the attention of the Court.

{¶6} On December 24, 2012, the Board filed a complaint in the Shelby County Court of Common Pleas to recover the salary paid to Kimpel during his suspension. Doc. 1. Kimpel filed his answer denying that he owed the salary to the Board on January 22, 2013. Doc. 7. Kimpel's answer also alleged a counterclaim seeking a declaratory judgment that the Board had no right to recoup his salary when the underlying charge for which he was suspended was dismissed by nolle prosequi with prejudice, and to recover reasonable attorney fees, expenses, and costs. *Id.* The Board filed its answer to the counterclaim on February 13, 2013. Doc. 12.

{¶7} On June 7, 2013, the Board filed a motion for summary judgment. Doc. 24. Kimpel filed his response to the motion and his cross-motion for summary judgment on June 26, 2013. Doc. 29. The Board filed its response to Kimpel's motion on July 12, 2013. Doc. 33. On October 4, 2013, the trial court filed its findings and opinion. Doc. 40. The trial court overruled the Board's motion for summary judgment and granted Kimpel's motion for summary

judgment and filed its judgment entry on October 21, 2013. Doc. 45. On

November 18, 2013, the Board filed its notice of appeal from this judgment. Doc.

51. The Board raises the following assignments of error on appeal.

### First Assignment of Error

**Whether the trial court committed error when it ruled as a matter of law that a felony plea or finding giving rise to an obligation of repayment of compensation by a suspended public official pursuant to R.C. 3.16(E) must occur in a case which deals with the subject matter for which the official was suspended.**

### Second Assignment of Error

**Whether the trial court committed error in characterizing the felony charge to which [Kimpel] entered a plea in Shelby County Common Pleas Court as an "unrelated matter" to the felony charge out of Auglaize County Common Pleas Court that was the case out of which [Kimpel's] suspension under R.C. 3.16 originated. Specifically, did the trial court construe the evidence in the light most favorable to [the Board] in making that determination.**

**{¶8}** Both assignments of error allege that the trial court erred in granting

summary judgment. Thus, they will be addressed together.

**An appellate court reviews a trial court's summary judgment decision de novo, independently and without deference to the trial court's decision. Ohio Govt. Risk Mgt. Plan v. Harrison, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, at ¶ 5, citing Comer v. Risko, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, at ¶ 8. Summary judgment is appropriate only "when the requirements of Civ.R. 56(C) are met." Adkins v. Chief Supermarket, 3d Dist. No. 11-06-07, 2007-Ohio-772, at ¶ 7. The party moving for summary judgment must establish: (1) that there are no genuine issues of material fact; (2) that the**

**moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Id., citing Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, at paragraph three of the syllabus. In ruling on a motion for summary judgment, a court may not "weigh evidence or choose among reasonable inferences * * *." Id., at ¶ 8, 653 N.E.2d 1196, citing Jacobs v. Racevskis (1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653. Rather, the court must consider the above standard while construing all evidence in favor of the non-movant. Jacobs, at 7, 663 N.E.2d 653.**

**The party moving for summary judgment must identify the basis of the motion to allow the non-movant a "meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 116, 526 N.E.2d 798. In its motion, the moving party "must state specifically which areas of the opponent's claim raise no genuine issue of material fact and such assertion may be supported by affidavits or otherwise as allowed by Civ.R. 56(C)." Id. at 115, 526 N.E.2d 798, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, citing Hamlin v. McAlpin Co. (1964), 175 Ohio St. 517, 519-520, 196 N.E.2d 781; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. If the moving party fails to meet its burden, summary judgment is inappropriate; however, if the moving party meets its initial burden, the non-moving party has a "reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *." Dresher, at 294, 662 N.E.2d 264.**

*Lillie v. Meachem*, 3d Dist. Allen No. 1-09-09, 2009-Ohio-4934, ¶21-22.

{¶9} In this case, there are no questions of fact. The sole issue involves the

interpretation of the statutory language of R.C. 3.16. This statute deals with the

Case No. 17-13-20

suspension of a public official who has been charged with a felony. The applicable version of the statute reads in pertinent part as follows.

**(B)(1) If a public official is charged with a felony in a state or federal court and * * * if the prosecuting attorney with responsibility to prosecute the case determines that the felony relates to the public official's administration of, or conduct in the performance of the duties of, the office of the public official, the [prosecuting attorney] shall transmit a copy of the charging document to the chief justice of the supreme court with a request that the chief justice proceed as provided in division (C) of this section. * * ***

**(2) Upon transmitting a copy of a charging document and a request to the chief justice of the supreme court [the prosecuting attorney] shall provide the public official with a written notice that, not later than fourteen days after the date of the notice, the public official may file with the attorney general or prosecuting attorney, whichever sent the notice, a written statement either voluntarily authorizing [the prosecuting attorney] to prepare a judgment entry for the judge presiding in the case to provisionally suspend the public official from office or setting forth the reasons why the public official should not be suspended from office.**

**If the public official voluntarily authorizes [the prosecuting attorney] to prepare a judgment entry for the judge presiding in the case to provisionally suspend the public official from office as described in this division, [the prosecuting attorney] shall prepare a judgment entry for the judge presiding in the case to provisionally suspend the public official from the office immediately upon receipt of the [judgment] entry and shall notify the chief justice of the supreme court of the provisional suspension. Upon receipt of the judgment entry, the judge presiding in the case shall sign the judgment entry and file the signed judgment entry in the case. The signing and filing of the judgment entry provisionally suspends the public official from office. [The prosecuting attorney's] request to the chief justice that was made under division (B)(1) of this section remains**

-7-

**applicable regarding the public official, and the chief justice shall establish a special commission pursuant to division (C)(1) of this section. A provisional suspension imposed under this division shall remain in effect until the special commission established by the chief justice enters its judgment under division (C)(3) of this section. After the special commission so enters its judgment, divisions (C)(3) and (4) of this section shall govern the continuation of the suspension. Division (E) of this section applies to a provisional suspension imposed under this division.**

**\* \* \***

**(C)(2) Once established under division (C)(1) of this section, a special commission shall review the document that charges the public official with the felony, all other documents and materials pertaining to the matter that were provided by the chief justice \* \* \*, and the facts and circumstances related to the offense charged. Within fourteen days after it is established, the special commission shall make a preliminary determination as to whether the public official's administration of, or conduct in the performance of the duties of, the official's office, as covered by the charges, adversely affects the functioning of that office or adversely affects the rights and interests of the public and, as a result, whether the public official should be suspended from office. Upon making the preliminary determination, the special commission immediately shall provide the public official with notice of the preliminary determination. \* \* \* [The] notice shall inform the public official that the public official may contest the preliminary determination by filing with the special commission and within fourteen days after the date of the notice to the public official a notice contesting the determination.**

**\* \* \***

**If the public official does not filed a notice contesting the determinations within fourteen days after the date of the notice to the public official, the special commission's preliminary determination automatically shall become its final determination for purposes of division (C)(3) of this section.**

Case No. 17-13-20

* * *

**(3) Upon making the final determination * * *, the special commission shall issue a written report that sets forth its findings and final determination. * * * Upon the issuance of the report, one of the following applies:**

* * *

**(b) If the special commission in its final determination determines that the public official's administration of, or conduct in the performance of the duties of, the official's office, as covered by the charges, adversely affects the functioning of that office or adversely affects the rights and interests of the public, the special commission shall include in the report a holding that the public official be suspended from office. The holding that the public official be suspended from office and the suspension take effect immediately upon the special commission's issuance of the report. If the public official was provisionally suspended from office * * *, the holding that the public official be suspended from office shall continue and suspension immediately upon the special commission's issuance of the report. * * ***

**(4) A suspension imposed or continued under division (C)(3) of this section shall continue until one of the following occurs:**

* * *

**(b) All charges are disposed of by dismissal or by a finding or findings of not guilty;**

* * *

**(E) Any public official suspended from office under this section shall not exercise any of the rights, powers, or responsibilities of the holder of that office during the period of suspension. The suspended public official, however, shall retain the title of the holder of that office during the period of the suspension and**

**continue to receive the compensation that the official is entitled to receive for holding that office during period of the suspension, until the public official pleads guilty to or is found guilty of any felony with which the public official is charged. \* \* \***

**A political subdivision may file a civil action in the appropriate court to recover from any former public official of the political subdivision the amount of compensation paid to that former public official in accordance with this division from the date of the former public official's suspension to the date the former public official pleads guilty to or is found guilty of any felony with which the former public official was charged.**

R.C. 3.16.

{¶10} This court notes that this is an issue of first impression in Ohio. The issue before this court is the statutory interpretation of what was meant by the use of the language "any felony" as used in the statute. A review of the statute as a whole indicates that the legislative intent was to provide for notice and a hearing at every stage of the proceedings. Multiple chances to appeal both the request for a finding by the special commission and the actual findings are provided. The statute also clearly requires that there be a connection between the conduct that forms the basis of the charge resulting in the suspension and the performance of the public official's duties. Not just "any felony" will result in a suspension, only those that are determined by the commission to have a relationship to the public official's office. To determine that any felony, regardless of its relationship to the suspension, is sufficient to result in a recovery of the money paid during the suspension is illogical. If the felony for which the public official is convicted is

one which would not result in a suspension, not only would such an interpretation be illogical, it would deny the public official the due process of a hearing on whether the felony for which he or she was convicted was related to the suspension. This does not appear to be the intent of the statute, which throughout requires a relationship between the felony and the suspension. Additionally, the language of the statute provides that a political subdivision, upon the public official's conviction of a felony, may recover for the salary paid during the suspension as provided by R.C. 3.16. This would seem to require that the felony at least stem from the charge for which the suspension was imposed. The term "any felony" applies to any felony directly related to the basis of the suspension, such as a lesser included offense, for which the salary was paid pursuant to R.C. 3.16(E). That is not the case before us.

{¶11} Here, Kimpel was suspended from charges arising out of Auglaize County. No mention was made to the special commission regarding the charges in Shelby County, although it was the same prosecutor and he could easily have filed on those charges as well. He did not. As a result, Kimpel never received an opportunity to address the Shelby County charges as a basis for the suspension and the special commission did not review the Shelby County charges to determine whether suspension on those charges would be appropriate. In addition, there was no agreed suspension in the Shelby County case. The suspension solely stemmed

from the case in Auglaize County. The dismissal[1] of that case was delayed until after sentencing in Shelby County because the prosecuting attorney realized that if it was dismissed prior to Kimpel's resignation, the suspension would immediately end and Kimpel would again be Sheriff of Shelby County. Thus, the record is clear that everyone understood the suspension was not connected to the Shelby County case. Since the suspension was not connected to the Shelby County case and the Shelby County charges were never reviewed to determine if they would form sufficient basis for suspension, they are not covered by R.C. 3.16. The result is that the Board cannot recover under R.C. 3.16 for a felony conviction in Shelby County when the felony charge in Shelby County was never brought to the attention of the special commission for determination of whether a suspension should be imposed based upon it. The trial court did not err in finding as a matter of law that Kimpel was entitled to summary judgment. The assignments of error are overruled.

{¶12} Having found no prejudice in the particulars assigned and argued, the judgment of the Court of Common Pleas of Shelby County is affirmed.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**

---

[1] Although the Board argues the case was not dismissed, but was nolle prosequi, the nolle prosequi was with prejudice. Thus, the effect was the same as if the case was dismissed.